

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4401 | **DATE** | JUL 27 2011 |
| **CASE TITLE** | William D. Riley-El (B-03069) vs. State of Illinois, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff has paid the required filing fee. Defendants the State of Illinois, Pat Quinn, Gladyse Taylor, Sarah Johnson, Nancy Pounovich, Juan Tellez, Cynthia Harris, and Colleen Franklin are dismissed from this action. The Clerk shall: (1) dismiss Defendants the State of Illinois, Pat Quinn, Gladyse Taylor, Sarah Johnson, Nancy Pounovich, Juan Tellez, Cynthia Harris, and Colleen Franklin; (2) issue summonses to Defendants Warden Marcus Hardy, Dr. Partha Gosh, Clarence Wright, and Joseph Encarnancion; (3) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice. Plaintiff's motion for a preliminary injunction [5] is entered and continued, generally, to allow Defendants to be served and respond to the motion.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, William D. Riley-El, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the required filing fee.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that he has had a medical permit for a crutch for several years while incarcerated at Stateville. Plaintiff also received physical therapy for his leg/knee conditions until February of 2010. In February of 2010, Dr. Partha Gosh changed Plaintiff's medical permit and he no longer received physical therapy and prohibited Plaintiff from certain exercise facilities.

In July of 2010, Warden Hardy issued a direct order that inmates that required the use of crutches were not allowed in the yard or gym with other inmates. The direct order was not enforced until August of 2010; at that time, Plaintiff was not allowed to exercise in the yard. Correctional Officer Encarnancion and Wright refused to allow Plaintiff to go into the yard to exercise due to his crutch on multiple occasions. Plaintiff submitted grievances regarding his inability to exercise but the policy did not change and the grievance officials just "rubber stamped" the grievances. Later, Plaintiff learned that prisoners with crutches would be allowed to exercise out of the cell on Sundays for a 5-hour time period. Plaintiff alleges that the policy regarding crutches discriminates against him and other others with a disability that requires the use of crutch.

Plaintiff names the correctional officers and administrators involved in the alleged unconstitutional policy as Defendants. These Defendants must respond to the complaint. Plaintiff also names several individuals involved in the grievance procedure. However, Plaintiff's claims relating to how his grievances were "handled" fail to state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with how his grievance was handled, not that he has been denied access to the courts. Thus, Plaintiff has failed to state a due process claim against those Defendants involved in the grievance process. Lastly, Plaintiff names the State of

# STATEMENT

Illinois and Governor Quinn as Defendants. Plaintiff makes no allegations against Governor Quinn and his official capacity claim against the State of Illinois is duplicative of that claim against the Warden. Accordingly, the State of Illinois and Governor Quinn are also dismissed from this action.

Based on the above, Defendants the State of Illinois, Pat Quinn, Gladyse Taylor, Sarah Johnson, Nancy Pounovich, Juan Tellez, Cynthia Harris, and Colleen Franklin are dismissed from this action.

The United States Marshals Service is appointed to serve the remaining Defendants – Warden Marcus Hardy, Dr. Partha Gosh, Clarence Wright, and Joseph Encarnancion. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former Illinois Department of Corrections employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has also filed a motion for appointment of counsel. Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff avers that he has made reasonable efforts to retain private counsel, he has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Accordingly, Plaintiff's motion for appointment of counsel is denied without prejudice.

*/s/ Wm. J. Hibbler*