Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4401 | **DATE** | December 13, 2011 |
| **CASE TITLE** | William D. Riley-El (B-03069) vs. State of Illinois, et al. | | |

## DOCKET ENTRY TEXT

Defendant Dr. Ghosh's motion to dismiss for failure to state a claim upon which relief may be granted [26] is denied. Dr. Ghosh's answer is to be filed within 14 days of this order. Plaintiff's "motion in response to dismiss" [34] is construed as Plaintiff's response to the motion to dismiss and is terminated as a pending motion.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, William D. Riley-El, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendant Dr. Ghosh moves for dismissal for failure to state a claim upon which relief may be granted.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

As relevant to the instant motion to dismiss, Plaintiff alleges that he has had a medical permit for a crutch for several years while incarcerated at Stateville. Plaintiff also received physical therapy for his leg/knee conditions until February of 2010. In February of 2010, Dr. Partha Ghosh changed Plaintiff's medical permit and he no longer received physical therapy and he was prohibited from certain exercise facilities. Plaintiff alleges that the lack of

| STATEMENT |
|---|

physical therapy and exercises for his medical condition have caused his medical condition to progress and has caused unnecessary pain and suffering.

Dr. Ghosh argues that Plaintiff's allegations fail to state a claim against him because the allegations fail to demonstrate that Dr. Ghosh was deliberately indifferent to Plaintiff's medical condition nor that Dr. Ghosh was involved in the policy change regarding yard time for inmates with crutches (the other claims in Plaintiff's complaint). Plaintiff responds that he has adequately pled that Dr. Ghosh was deliberately indifferent to his medical needs.

The deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. A prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Roe v. Elyea*, 631 F.3d 862, 857 (7th Cir. 2011); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

While Plaintiff's allegations as to Dr. Ghosh do not demonstrate Dr. Ghosh's involvement in the policy regarding yard time for inmate's with crutches, Plaintiff does allege that Dr. Ghosh cancelled Plaintiff's needed physical therapy and changed his exercise permit in a matter that prohibited Plaintiff from physical therapy and exercises that are critical to the treatment of his leg/knee medical condition. Dr. Ghosh did so with knowledge that physical therapy and certain exercises were critical to Plaintiff's treatment for his condition. Based on these allegations, at this stage of the litigation, Plaintiff has sufficiently pled that Dr. Ghosh was deliberately indifferent to his serious medical needs. Accordingly, Dr. Ghosh's motion to dismiss is denied.

*Wm. J. Hibbler*