# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | Amy J. St. Eve |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4401 | **DATE** | 2/13/2012 |
| **CASE TITLE** | William D. Riley-El (B-03069) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for a preliminary injunction [5] is denied.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, William D. Riley-El, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves for a preliminary injunction seeking an order requiring that he be allowed at least one hour of "out-of-cell" exercise per day and that he be allowed all other recreational opportunities as provided to other general population inmates.

Plaintiff alleges that he has had a medical permit for a crutch for several years while incarcerated at Stateville. In July of 2010, Warden Hardy issued a direct order that inmates that required the use of crutches were not allowed in the yard or gym with other inmates. The direct order was not enforced until August of 2010; at that time, Plaintiff was not allowed to exercise in the yard. Correctional Officers Encarnarcion and Wright refused to allow Plaintiff to go into the yard to exercise due to his crutch on multiple occasions. Plaintiff submitted grievances regarding his inability to exercise but the policy did not change and the grievance officials just "rubber stamped" the grievances. Later, Plaintiff learned that prisoners with crutches would be allowed to exercise out of the cell on Sundays for a 5-hour time period and that the restrictions were put into place for safety and security reasons. Plaintiff alleges that the policy regarding crutches discriminates against him and other others with a disability that requires the use of crutch.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995). The party seeking a preliminary injunction must demonstrate: (1) he has a reasonable likelihood of success on the merits of the underlying claim, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). If the moving party meets these requirements, the court then balances the relative harms that could be caused to the parties. *Id.*

Plaintiff appears to raises two claims in his complaint: first, that he had previously been denied out-of-cell exercise for several weeks and, second, that the restrictions put into place for prisoners with a crutch or cane impermissibly discriminate against those who needed such assistance. Plaintiff has demonstrated a reasonable likelihood of success on the merits of his claim regarding not being allowed out-of-cell exercise time for an extended period of time. The threshold for showing a reasonable likelihood of success on the merits is relatively low – the plaintiff need only show a "better than negligible chance of succeeding."

| STATEMENT |
|---|

*Boucher v. School Bd. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998) (citations omitted). Plaintiff's allegations that he was unable to exercise outside of his cell for six to ten weeks can amount to a constitutional deprivation. *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001) (six-month denial of exercise due to a prison lockdown was a serious deprivation); *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (denial of out-of-cell exercise for more than 90 days can constitute cruel and unusual punishment); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (noting that extreme and prolonged lack of exercise may "rise to a constitutional violation").

While Plaintiff has demonstrated a likelihood of success on the merits as to his claim regarding the lack of exercise time outside of his cell in the past, he has not demonstrated a likelihood of success on the merits as to his claim regarding restricting the type and location of exercise allowed due to his use of a crutch. Restrictions on inmates with cutches for safety and security reasons are allowed. *See Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) ("prisons must have broad discretion to implement rules assuring the safety of inmates and staff").

However, Plaintiff has an adequate remedy at law. Plaintiff alleges that in 2010 he was not allowed to exercise outside of his cell. However, since that time, Plaintiff has been allowed at least one hour per day of time outside of his cell. Defendants have presented a summary of Plaintiff's inmate movement records that demonstrate that from May 2011 through December 2011, Plaintiff was allowed out side of his cell for at least one hour per day (other than when the facility was on lockdown). The summary also indicates that he has received weekly yard time for exercise with other inmates who require a cane or crutch. Thus, assuming Plaintiff can demonstrate that his constitutional rights were violated in the past based on not being allowed to exercise outside of his cell, monetary damages will compensate him for such past injury. *See Illinois Dunesland Preservation Soc'y of Ill. v. Illinois Dep't of Nat. Resources*, 584 F.3 719, 721 (7th Cir. 2009) (injunctive relief not available for past harm to plaintiff's rights).

In light of Plaintiff being able to have at least one hour per day outside of his cell since May 2011, and receiving weekly yard time, Plaintiff also fails to demonstrate he will suffer irreparable harm if an injunction is not granted. Plaintiff is already receiving the relief he seeks. Furthermore, because Plaintiff's injuries stem from an alleged past violation of his constitutional rights and because he is already receiving the relief that he seeks, the irreparable harm he would suffer without a preliminary injunction is minimal and the court disfavors interfering with the daily running of the prison. *See Pratt v. Rowland*, 65 F.3d 802, 807 (7th Cir. 1995).

Based on the above, Plaintiff has failed to demonstrate that he is entitled to injunctive relief. Plaintiff's motion for a preliminary injunction is denied.