UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. RILEY EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11 CV 4401 |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS; S. A. GODINEZ; ) | Honorable Joan B. Gottschall |
| MARCUS HARDY; JOE ) | |
| ENCARNACION; CLARENCE WRIGHT; ) | |
| And PARTHASARATHI GHOSH, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff William D. Riley El filed a three-count amended complaint alleging Eighth Amendment violations, pursuant to 42 U.S.C. § 1983, and violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794–94e ("the Rehabilitation Act"). Riley El seeks damages and injunctive relief against the Illinois Department of Corrections ("the IDOC"), its Director, the Warden and Medical Director of Stateville Prison, and two correctional officers. Now before the court is the motion of the IDOC and individual defendants Director S.A. Godinez, Warden Marcus Hardy, and correctional officers Sergeant Joe Encarnacion and Lieutenant Clarence Wright to dismiss Counts II and III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the claims against Sergeant Encarnacion and Lieutenant Wright are dismissed without prejudice. The motion to dismiss the claims against Warden Hardy, Director Godinez, and the IDOC is denied.

# I. BACKGROUND

The court takes Riley El's allegations as true for purposes of the motion to dismiss. Riley El is incarcerated in Stateville Prison. According to the complaint, Riley El suffers from degenerative joint disease and has undergone two knee reconstruction surgeries. The degenerative disease has left Riley El in considerable pain. He lacks full range of motion in his knees, his left knee frequently cannot support his weight, and he requires a crutch to walk. He receives some relief from these symptoms by performing physical therapy exercises and lifting leg weights.

Stateville has four outdoor exercise yards: Small Yards 1, 2, and 3 and the South Yard. Because he requires weights for his rehabilitative exercises, only the South Yard, which contains weightlifting equipment, is adequate for Riley El's exercise program. Stateville also has a prison gym with weights.

Before February 24, 2010, Riley El was provided with a special needs medical permit, which allowed him to perform his physical therapy exercises in the prison gym or any of the outdoor yards. On or about February 24, Stateville's Medical Director, Dr. Parthasarthi Ghosh, revoked Riley El's special needs permit. Once the permit was revoked, Riley El was no longer guaranteed access to the prison gym. In or about July or August of 2010, Warden Hardy issued a directive to all correctional officers that inmates with crutches would no longer be allowed access to prison exercise yards. With no access to the gym or to the yards, Riley El had no place to perform his physical therapy exercises or participate in outside recreation. During this time, Riley El made multiple requests for access to the prison gym. Dr. Ghosh repeatedly denied Riley El's requests for a special needs permit that included gym access. Riley El's many requests for access to the exercise yards with his crutch were also denied.

On or about October 10, 2010, Warden Hardy issued an amended directive permitting prisoners with crutches to use Small Yards 1 and 2, but not the South Yard, which has the equipment necessary for Riley El to perform his rehabilitative exercises. Since approximately October 2010, Riley El's access to the recreation areas has been limited to one hour a week in the small exercise yards. This is insufficient to provide Riley El relief from his joint pain and to allow him to rehabilitate his reconstructed knees.

Riley El filed a three-count amended complaint in this court on August 9, 2012. Count I, an Eighth Amendment claim against Dr. Ghosh alleging deliberate indifference to a serious medical condition, is not at issue in the present motion. Dr. Ghosh moved to dismiss Riley El's claims against him in the initial complaint. His motion to dismiss was denied on December 13, 2011. (Order Dec. 13, 2011, ECF No. 40.) Dr. Ghosh answered the amended complaint on August 17, 2012. In Count II of the amended complaint, Riley El brings an Eighth Amendment claim pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief against Warden Hardy, Sergeant Encarnacion, and Lieutenant Wright in their individual and official capacities. In Count III, Riley El brings a claim pursuant to Section 504 of the Rehabilitation Act, seeking injunctive relief against the IDOC and Director Godinez in his official capacity.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to

dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### III. ANALYSIS

Defendants Warden Hardy, Director Godinez, Sergeant Encarnacion, Lieutenant Wright, and the IDOC challenge Counts II and III of Riley El's amended complaint. Count II alleges an Eighth Amendment violation based on Riley El's inability to access any prison yards or exercise facilities from July 2010 to October 2010, as well on his limited access to the prison exercise yards from February 24, 2010 to July 2010 and from October 2010 to the present. In the alternative, Count II alleges an Eighth Amendment violation based on denial of medical care stemming from Riley El's lack of access to exercise equipment for rehabilitative purposes. In Count III, Riley El alleges violations of the Rehabilitation Act based on the fact that he was prohibited from using the exercise yards based solely on his use of a crutch.

#### A. Eighth Amendment Claim (Count II)

In Count II, Riley El alleges that he was deprived of access to the exercise areas, which constituted an unconstitutional condition of confinement, in violation of the Eighth Amendment. In his response to Defendants' motion to dismiss, Riley El argues that the denial of yard access itself constitutes an Eighth Amendment violation, and that alternatively, the denial of his access to the rehabilitative equipment in the exercise yards and prison gym constitutes a denial of medical care, also in violation of the Eighth Amendment.

A prisoner's conditions of confinement violate the Eighth Amendment where there is a denial of "basic human needs" or a denial of "the minimal civilized measure of life's

necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). The court undertakes a two-part analysis when a prisoner challenges the conditions of his confinement. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). First, the conditions at issue must be "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Menedez v. Cook Cnty. Jail*, No. 12 C 8517, 2012 WL 5342384, at *2 (N.D. Ill. Oct. 26, 2012). The deprivation must be "extreme." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). The seriousness of an alleged deprivation is determined by looking at the totality of the conditions of confinement and weighing the facts specific to an individual prisoner's situation. *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Davenport v. DeRobertis*, 844 F.2d 1310, 1315 (7th Cir. 1988).

Second, if the condition is sufficiently serious, the prisoner must then demonstrate that the defendant prison official acted with "deliberate indifference" to the prison condition. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Reed v. Hardy*, No. 11 C 3777, 2012 WL 6692108, at *3 (N.D. Ill. Dec. 19, 2012). Deliberate indifference requires a showing that the official "acted with a sufficiently culpable state of mind," meaning that the official had subjective knowledge of the risk to the inmate's health and disregarded that risk. *Thomas v. Cook Cnty. Sheriff's Dept.*, 588 F.3d 445, 452 (7th Cir. 2009); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).

1. <u>Deprivation of Exercise</u>

The court first addresses whether Riley El's two-month deprivation of exercise and ongoing restricted access to the prison exercise yards is a sufficiently serious deprivation to constitute an Eighth Amendment violation. The defendants argue that Riley El has not pleaded facts sufficient to show a constitutional violation because he was not denied *all* opportunity for

out-of-cell exercise during the two-month period during which he was barred from the prison yards or during the periods prior to and subsequent to that period, when he had access to the small prison yards once a week.

The court's review of Seventh Circuit precedent indicates that whether denial of access to exercise areas violates the Eighth Amendment depends on the length of the deprivation, the justification for the deprivation, the extent to which other opportunities for out-of-cell exercise are available, and the impact of the deprivation on the inmate's health and well-being. "The decisions are fact-specific; not surprisingly, the federal courts have not attempted to specify detailed guidelines for the administration of state prisons." *Davenport*, 844 F.2d at 1315. The Seventh Circuit stated in *Pearson v. Ramos* that as a "general" rule, the "denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment." 237 F.3d 881, 884 (7th Cir. 2001). In *Pearson*, however, the denial of a prisoner's access to the prison exercise yard was imposed as a disciplinary measure for a serious infraction, and the appellate court noted that a denial of such privileges for an utterly trivial reason could violate the constitution. *Id.* at 885. *See also Anderson v. Romero*, 72 F.3d 518, 527 (7th Cir. 1995) (holding that to deny a prisoner all opportunity to exercise outside his cell would violate the Eighth Amendment unless he "posed an acute security risk").

The Seventh Circuit also recognizes the potential for a constitutional violation where "the health of the individual is threatened" by a lack of access to exercise. *French v. Ovens*, 777 F.2d 1250, 1255 (7th Cir. 1985). And in *Davenport*, it held that a district court's decision that prisoners confined to segregation for more than ninety days were entitled to five hours a week of out-of-cell exercise was not clearly erroneous, given the severe isolation in which the prisoners

6

were confined during the rest of the week and the potential toll of that isolation on their mental health. 844 F.2d at 1314.

The defendants rely on *Thomas v. Ramos*, 130 F.3d 754 (7th Cir. 1997), to argue that the Seventh Circuit has deemed the denial of outdoor exercise for seventy days "permissible." (Defs.' Mem. in Supp. of Mot. to Dismiss 3, ECF No. 75.) But they misstate the holding of that case. The appellate court held that a prison official was entitled to qualified immunity because the right to outdoor exercise was not clearly established. *Thomas*, 130 F.3d at 762-64.[1] Defendants, however, have not asserted a qualified immunity defense in their motion to dismiss.

At least one court in this district has held that a prisoner's claims survived not just a motion to dismiss, but a motion for summary judgment, on facts similar to those alleged here. In *Reed v. Hardy*, the plaintiff claimed that his Eighth Amendment rights were violated when he was barred from Stateville's exercise yards by the same directive that barred Riley El and all other Stateville prisoners who use crutches. 2012 WL 6692108, at *1. In *Reed*, the plaintiff was denied access to the exercise yards for two months and was unable to use the yards for an additional three months because the yard schedule conflicted with his religious practice. *Id*. at *2. Despite multiple occasions during the week when the plaintiff was able to leave his cell, the court found that the lack of yard time was a significant and serious deprivation because there was "no indication that Plaintiff had any meaningful chance to exercise." *Id*. at *3. Here, Riley El was denied access to exercise facilities for two months and continues to have only limited, weekly access to the small prison yards. (Am. Compl. ¶ 24, ECF No. 64.) Riley El's cell is too small to allow him to effectively perform his physical therapy exercises, which relieve his pain

---

[1] The district-court opinion in *Thomas* stated, "In the instant case we need not decide whether Ramos's alleged conduct, if true, actually violated Thomas's Eighth Amendment rights. Rather, our review of the law indicates that the right to outdoor exercise when confined in segregation for seventy days was not clearly established in the summer of 1994." *Thomas v. Ramos*, 918 F. Supp. 228, 234 (N.D. Ill. 1996).

7

and help him with his limited range of motion. (Am. Compl. ¶¶ 13-14, 24.) According to the complaint, if Riley El is unable to perform his rehabilitative exercises, his range of motion and ability to move his legs will deteriorate and increasingly limit his physical movement. (*Id.* ¶¶ 13, 14.) Additionally, as in *Reed*, construing the allegations in Riley El's favor, prisoners with crutches have been denied access to outdoor exercise for no legitimate disciplinary or penological purpose. (*Id.* ¶ 24.); 2012 WL 6692108, at *3. On these facts, the court concludes that Riley El's allegations that he was denied access to the yards entirely for two months and has thereafter been limited to only one hour a week in the yards lacking rehabilitative equipment is a "sufficiently serious" deprivation to state a conditions-of-confinement claim. *See Farmer*, 511 U.S. at 834.

The court further finds that Riley El has also pled facts sufficient to satisfy the deliberate indifference component of his conditions-of-confinement claim, but only as to Warden Hardy. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). A plaintiff must therefore allege facts that indicate that a particular defendant caused or at least had some ability to influence or remedy the deprivation the plaintiff suffered. In the case of the Warden, Riley El has done so. Warden Hardy issued the directive barring prisoners with crutches from the exercise yards, and he had the ability to withdraw or amend it. In *Reed v. Hardy*, the court found that genuine issues of material fact existed as to whether the warden acted with deliberate indifference, noting the multiple occasions that the

plaintiff's requests for yard time were denied. 2012 WL 6692108, at *4. Riley El, confronting the same ban on prisoners with crutches using the prison yards at issue in *Reed*, similarly requested and was denied yard privileges on multiple occasions. At this stage of the proceedings, this is sufficient to show that Warden Hardy had knowledge of his deprivation. Riley El's conditions of confinement claim will therefore move forward against Warden Hardy.

As to correctional officers Sergeant Encarnacion and Lieutenant Wright, however, the amended complaint contains no allegations that suggest the officers could have taken any action to alleviate Riley El's difficulties. Their involvement in his alleged deprivation is not apparent from the complaint, which merely alleges that they, together with Hardy, denied Riley El access to the exercise areas. Given that the directive barring prisoners with crutches from the yards was issued by Warden Hardy, nothing in the complaint, even construed in Riley El's favor, supports an inference that the two correctional officers were responsible for denying Riley El access to the yards, or that they exhibited deliberate indifference toward his health and well-being. The claims against Encarnacion and Wright are therefore dismissed without prejudice.[2]

2. Denial of Medical Care

In Count II, Riley El also alleges, in the alternative, that denial of access to Stateville's rehabilitative equipment in the prison yards and gym constituted a failure to treat his serious medical condition, and therefore violated his Eighth Amendment rights. (Am. Compl. ¶¶ 35-40.) The defendants argue that Riley El has failed to state an Eighth Amendment claim based on deprivation of medical care because he has failed to allege that Warden Hardy, Sergeant

---

[2] Insofar as the correctional officers are also sued in their official capacities for injunctive relief, the claims are against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Because Warden Hardy remains in the case, the court concludes that the correctional officers' involvement as defendants is not necessary for Riley El to secure injunctive relief.

Encarnacion, or Lieutenant Wright were personally involved in his medical care or impeded his receipt of treatment.

"If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Only where non-medical prison officials have a reason "to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," will a non-medical prison official "be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill*, 372 F.3d at 236. The defendants do not deny that Riley El suffers from a degenerative joint disease, which has resulted in three surgeries, or that this condition causes Riley El serious pain and suffering. (Am. Compl. ¶ 13.) But Riley El was diagnosed by Dr. Ghosh, who prescribed a special needs permit based on that diagnosis. Riley El was therefore under the treatment of a medical expert. (*Id*. ¶ 17.) He has not alleged facts sufficient to show that he was no longer under Dr. Ghosh's care, nor has he alleged facts sufficient to show that his repeated requests for access to Stateville's prison yards included information that the other defendants could have interpreted to mean that he was either no longer under Dr. Ghosh's care or was being mistreated by Dr. Ghosh. (*See Id*. ¶ 22.) Therefore, Riley El has not alleged facts showing that the other defendants had a duty to treat or otherwise respond to his medical condition. As a result, the court dismisses without prejudice Riley El's claim in Count II that Warden Hardy, Sergeant Encarnacion, and Lieutenant Wright exhibited deliberate indifference to his serious medical condition.

## B. Rehabilitation Act Claims (Count III)

In Count III, Riley El alleges claims based on Section 504 of the Rehabilitation Act. Section 504 provides, in relevant part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Riley El seeks to maintain his suit against the IDOC and Director Godinez in his official capacity, and he is requesting injunctive relief enjoining these defendants from denying him access to the Stateville gym and outdoor exercise areas.

To state a claim under the Rehabilitation Act, Riley El "need only allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Riley El alleges he was denied access to Stateville's exercise facilities solely because of his disability. (Am. Compl. ¶ 20.) "Disability includes the limitation of one or more major life activities, which include walking, standing, [and] bending," all of which are limitations alleged in Riley El's complaint. *Jaros*, 684 F.3d at 672; (Am. Compl. ¶¶ 13-14.).

Director Godinez and the IDOC argue that the Eleventh Amendment bars Riley El's claims against them in their official capacities for money damages. But the amended complaint requests only injunctive relief under the Rehabilitation Act. (Am. Compl. ¶ 46.) Under the *Ex parte Young* doctrine, "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999).

Furthermore, to argue that the Eleventh Amendment bars Riley El's claims is to misread the Rehabilitation Act and to ignore Seventh Circuit authority. *See* 29 U.S.C. § 794; *Norfleet v.*

*Walker*, 684 F.3d 688, 690 (7th Cir. 2012) ("The [prisoner] plaintiff sued the [prison employees] in their official capacity, and so the lawsuit is against a state agency—and one that happens to receive federal financial assistance, which brings the agency within the scope of the Rehabilitation Act."). Illinois has waived its immunity to Rehabilitation Act claims as a condition of its receipt of federal funds. *Jaros*, 684 F.3d at 672 n.5; *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000) ("[T]he Rehabilitation Act is enforceable in federal court against recipients of federal largess."). Riley El's claims in Count III will therefore move forward.

## IV. CONCLUSION

Defendants' motion to dismiss Riley El's amended complaint is granted in part and denied in part. Riley El has pleaded facts sufficient to show that his rights under the Eighth Amendment were violated by the deprivation of exercise he experienced between August 2010 and October 2010, as well as by the ongoing restrictions on his access to the exercise facilities. Riley El's § 1983 claims in Count II against Warden Hardy in his individual and official capacities will move forward. The court dismisses without prejudice Riley El's claims against Sergeant Encarnacion and Lieutenant Wright. Riley El's Rehabilitation Act claims in Count III against the IDOC and Director Godinez also survive the motion to dismiss. If Riley El believes that he can allege facts sufficient to state a claim against Sergeant Encarnacion or Lieutenant Wright, he may file an amended complaint by April 19, 2013.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 22, 2013