IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. RILEY EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 CV 4401 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | Consolidated with 13 CV 5773[1] |
| CORRECTIONS; S. A. GODINEZ; ) | |
| MARCUS HARDY; and ) | |
| PARTHASARATHI GHOSH, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

Plaintiff William D. Riley El, by his attorneys, Williams, Bax & Saltzman, P.C., complains of Defendants Illinois Department of Corrections, S. A. Godinez, Marcus Hardy, and Dr. Parthasarathi Ghosh as follows:

### NATURE OF CLAIMS and JURISDICTION

1. This is a civil rights claim under 42 U.S.C. § 1983 seeking damages and injunctive relief against defendants Dr. Parthasarathi Ghosh and Marcus Hardy for committing acts under color of law with the intent and for the purpose of depriving Plaintiff of rights guaranteed to him by the Eighth Amendment of the United States Constitution.

2. This civil rights action seeks compensatory damages and injunctive relief against defendants Illinois Department of Corrections, S. A. Godinez, and Marcus Hardy for failing to reasonably accommodate Plaintiff's disability and for intentionally discriminating against him on the basis of his disability in contravention of the Rehabilitation Act. 29 U.S.C. § 794 – 794e et seq.

---

[1] In orders dated January 24, 2014 and January 31, 2014 the Court ordered allegations from 13 CV 5773 to be incorporated into the instant matter.

3. This case arises under the United States Constitution and 42 U.S.C. § 1983 and 29 U.S.C. § 794 – 794e. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

4. Plaintiff brings this action to recover damages and to prevent further damages arising from Defendants' decision to first deny and then to substantially limit Plaintiff's access to physical therapy and outdoor recreation activities.

5. This Court is an appropriate venue for this case pursuant to 28 U.S.C. § 1391 because the actions complained of took place in this judicial district.

## THE PARTIES

6. Plaintiff William D. Riley El ("Plaintiff") is incarcerated by the State of Illinois and the Illinois Department of Corrections ("IDOC") at Stateville Correctional Center ("Stateville").

7. IDOC is an agency of the State of Illinois that is responsible for running and oversight of the Illinois prison system, including Stateville.

8. Defendant S. A. Godinez ("Godinez") is the Director of IDOC and is sued in his official capacity.

9. Defendant Marcus Hardy ("Hardy") at all times relevant to this complaint was the Warden of Stateville and was acting under the color of state law. Hardy is sued in his individual and official capacities.

10. Defendant Dr. Parthasarathi Ghosh ("Dr. Ghosh") at all times relevant to this complaint was the Medical Director of Stateville, had final decision making authority regarding Plaintiff's health, and was acting under the color of state law. Dr. Ghosh is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff suffers from degenerative joint disease, which has resulted in three surgeries, including two knee reconstruction surgeries. Plaintiff does not have full range of motion in his knees, his left knee frequently cannot support his weight, and his knee conditions continue to cause Plaintiff substantial pain and suffering. Plaintiff needs to utilize a crutch in order to maintain his balance while walking.

12. Plaintiff receives some physical and mental relief from the pain and other symptoms of his deteriorating knees when he performs physical therapy exercises and light conditioning leg workouts. Plaintiff has also used weight lifting equipment that is located in the prison gym and one of the exercise yards to exercise and strengthen his legs. This also provides some physical and mental relief from the pain caused by the deterioration of his knee joints.

13. Plaintiff's cell is too small to allow him to effectively perform the physical therapy exercises for his degenerative knees.

14. Stateville has four areas where inmates can perform out of cell exercises: Small Yard 1; Small Yard 2; South Yard; and the gym. Until 2013 the South Yard and gym were the only yards that had weight lifting equipment which Plaintiff uses for physical therapy and to alleviate his knee pain and rehabilitate his legs.

15. Small Yard 1 and Small Yard 2 are also not equipped with drinking water for the inmates to use when exercising in those yards.

16. Prior to February 24, 2010, Plaintiff was provided with a special needs medical permit, which allowed him to perform his physical therapy exercises in the prison gym and any of the outdoor exercise yards.

17. On or about February 24, 2010, Dr. Ghosh inexplicably altered Plaintiff's special needs medical permit and removed Plaintiff's ability to access the prison gym for his physical therapy. Plaintiff was therefore barred from continuing to perform some of his weight training and other essential parts of his physical therapy exercises.

18. From February 24, 2010 until approximately July 2010, Plaintiff was only able to perform his physical therapy exercises when he was allowed access to one of the prison exercise yards. Plaintiff was only permitted to use weight training for his physical therapy exercises when he was permitted access to the South Yard.

19. In or about July or August 2010, Plaintiff was denied access to all of the prison yards when, on information and belief, Warden Hardy issued a directive to all correction officers requiring that inmates with crutches no longer be allowed access to the prison exercise yards.

20. From in or about July or August 2010 until October 2010, when Plaintiff would attempt to leave his cell to participate in out of cell exercise periods, he would be prevented by correctional officers from access to any form of recreation outside of his cell.

21. As a result of Dr. Ghosh's removal of gym access from Plaintiff's special needs medical permit, and Warden Hardy's directive prohibiting inmates with crutches from accessing the exercise yards, Plaintiff was left without a place to perform his physical therapy exercises and was, furthermore, denied access to any outside recreation.

22. Plaintiff repeatedly requested Dr. Ghosh to include gym access in his special needs medical permit. All of Plaintiff's requests were denied. Plaintiff also repeatedly requested permission to access the exercise yards with his crutch. These requests were also denied.

23. On or about October 10, 2010, Warden Hardy issued an amended directive permitting inmates with crutches to use Small Yard 1 and Small Yard 2 but only on Sundays.

24. Since on or about October 10, 2010, Plaintiff's access to any area in the prison large enough to perform his physical therapy exercises has been limited to his once a week access to the small exercise yards, which is insufficient to improve his mental health or provide relief from his pain and to allow him to rehabilitate his reconstructed knees.

25. From October 2010 until the Summer of 2012, Plaintiff's only access to exercise and recreation was Small Yard 1 and Small Yard 2 on Sundays, i.e. no access to South Yard or the gym. With no access to the gym, for two winters (2010-11 and 2011-12), Plaintiff had to go outside during the winter for recreation.

26. During periods of warmer weather, typically from May through September, inmates at Stateville have night time access to the exercise yards, referred to as "Night Yard".

27. From August 2010 through September 2012 Plaintiff was denied access to Night Yard due to his use of a crutch. Plaintiff was told by Stateville guards he could only access Night Yard if he were to leave the crutch that he needs for mobility outside of the yard.

28. From August 2010 until on or about April 25, 2012 it was the policy at Stateville, per Warden Hardy, to deny special needs inmates such as Plaintiff access to Night Yard due to his use of a crutch.

29. On or about April 25, 2012 per Assistant Warden Edwards, inmates with special needs, such as Plaintiff's use of a crutch, were to be given access to Night Yard. Warden Hardy agreed with that policy. The policy was changed as a result of grievances filed by Plaintiff regarding his denial of Night Yard access. (Copies of the related Grievances and Grievance Officer's Reports are attached as Exhibit A).

30. Plaintiff was to receive Night Yard from that point forward but the Stateville prison guards that control access to the Night Yard working the 3:00 p.m. to 11:00 p.m. shift

(hereinafter "Second Shift Officers") denied Plaintiff access to Night Yard from May 2012 through September 2012 (when Night Yard ended).

31. Warden Hardy did not implement the policy change to prevent the Second Shift Officers from denying Plaintiff access to Night Yard.

32. The denial, and subsequent limitations, of access to physical therapy and out of cell recreation have caused Plaintiff emotional distress, including depression and headaches.

33. Plaintiff has brought numerous grievances over the denial of and limited access to the gym, the exercise yards and Night Yard. All of Plaintiff's grievances were heard through the prison's administrative grievance procedure. Plaintiff has exhausted all of his available administrative remedies.

## COUNT I
## EIGHTH AMENDMENT VIOLATION
### (Defendant Ghosh)

34. Plaintiff incorporates by reference Paragraphs 1 through 33 above as if fully set forth herein as Paragraph 34 of Count I of the First Amended Complaint.

35. Plaintiff's degenerative joint disorder and his reconstructed knees constitute a serious medical condition.

36. When Dr. Ghosh denied Plaintiff access to the prison gym, he severely limited Plaintiff's ability to perform effective physical therapy exercises.

37. Dr. Ghosh was aware that without adequate physical therapy, Plaintiff would continue to suffer pain and discomfort in his knees and would not be able to adequately rehabilitate himself following his reconstructive knee surgeries.

38. Dr. Ghosh was also aware that beginning in August 2010, Plaintiff was no longer permitted to use the exercise yards for physical therapy because Plaintiff used a crutch and that

6

by being denied access to both the yards and the gym, Plaintiff had effectively been cut off from any area where he could perform his physical therapy exercises. Dr. Ghosh nevertheless continued to refuse to allow Plaintiff to use the gym for physical therapy.

39. By denying Plaintiff access to physical therapy in the gym, Dr. Ghosh has demonstrated a deliberate indifference to Plaintiff's serious medical condition, conduct which amounts to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

40. Dr. Ghosh is also aware that since approximately October 10, 2010 until in or about August 2012, Plaintiff has only had limited access to the small exercise yards. Dr. Ghosh still nevertheless continued to refuse to allow Plaintiff access to the prison gym.

41. By continuing to deny Plaintiff access to the prison gym, Dr. Ghosh has continued to demonstrate a deliberate indifference to Plaintiff's serious medical condition, conduct which amounts to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

42. During all times mentioned, Dr. Ghosh has acted on his own behalf and under color of law as an authorized agent of a state-run correctional institution that receives federal funding.

WHEREFORE Plaintiff William D. Riley El prays that this Court enter judgment in his favor and against Defendant Ghosh (a) enjoining Ghosh and/or his successor from continuing to denying Plaintiff's access to Stateville's gym, outside exercise areas or any other reasonable physical therapy necessary for Plaintiff's serious medical needs; (b) for compensatory damages; (c) for punitive damages; (d) for attorney's fees and costs; and (e) any other relief this Court deems reasonable and just.

## COUNT II
## EIGHTH AMENDMENT VIOLATION
### (Defendant Hardy)

43. Plaintiffs incorporate by reference Paragraphs 1 through 33 above as if fully set forth herein as Paragraph 43 of Count II of the Amended Complaint.

44. The Eighth Amendment to the United States Constitution prohibits the cruel and unusual punishment of United States citizens.

45. From early August 2010 to October 10, 2010, the Defendant Hardy acted under color of law to deprive Plaintiff any access to exercise areas at Stateville, including the outside exercise yards and furthermore denied Plaintiff access to any form of outside recreation.

46. Since October 10, 2010, Defendant Hardy acted under color of law to severely limit Plaintiff's access to exercise areas so that Plaintiff cannot effectively perform his physical therapy and rehabilitation exercises.

47. Defendant Hardy has acted in conscious disregard and deliberate indifference to Plaintiff's physical and mental health and serious medical needs by:

   a. denying Plaintiff gym access from February 2010 until August 2012;

   b. prohibiting Plaintiff from all out of cell recreation activities from August 2010 through October 2010;

   c. limiting his access to exercise yards to one day a week from October 2010 through September 2012 in one of the small outdoor exercise yards, even during winter months;

   d. denying Plaintiff access to the Night Yard from August 2010 until September 2012;

8

e. failing to remedy Plaintiff's continued denial of access to Night Yard after the April 25, 2012 policy change from April 2012 until September 2012; and

f. continuing to limit, since September 2012, Plaintiff's recreational activities and an area to perform his physical therapy exercises to one day per week and Night Yard during the summer.

48. During all times mentioned, Defendant Hardy acted under color of law as an authorized agent of a state-run correctional institution that receives federal funding.

WHEREFORE Plaintiff William D. Riley El prays that this Court enter judgment in this favor and against Defendant Hardy (a) enjoining him from denying Plaintiff's access to the Stateville exercise yards and gym; (b) for compensatory damages; (c) for punitive damages; (d) for attorney's fees and costs; and (e) any other relief this Court deems reasonable and just.

### COUNT III
**(Violation of Section 504 of the Rehabilitation Act of 1973)**
**(IDOC and Godinez, and Hardy)**

49. Plaintiff incorporates by reference paragraphs 1 to 33 as if set forth in full as paragraph 49.

50. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 ("Rehabilitation Act") prohibits discrimination against people with disabilities by recipients of federal funding. Section 504 provides in the pertinent part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

51. Plaintiff is an "individual with a disability" because he has a physical impairment that limits his major life activities, including the major life activities of walking, standing and bending.

52. Plaintiff has been discriminated against based on his disability by IDOC, Godinez, and Hardy solely because he uses a crutch for mobility. Plaintiff has been excluded from, and denied the benefits of:

   a. gym access, from February 2010 until August 2012;

   b. all out of cell recreation activities from August 2010 through October 2010;

   c. access to exercise yards for more than one day a week from October 2010 through September 2012, with what access he was given limited to the small outdoor exercise yards, even during winter months,

   d. access to the Night Yard from August 2010 until September 2012;

   e. access to the Night Yard after the April 25, 2012 policy change from April 2012 until September 2012; and

   f. access to recreational activities and an area to perform his physical therapy exercises since September 2012, to no more than one day per week, and Night Yard during the summer.

53. Plaintiff has also been discriminated against based on his disability because IDOC, Godinez, and Hardy have failed to provide a reasonable accommodation for Plaintiff's serious medical condition in contravention of the Rehabilitation Act.

54. During all times mentioned, Godinez, and Hardy acted under color of law as authorized agents of a state-run correctional institution that receives federal funding.

WHEREFORE, Plaintiff, William D. Riley El prays that this Court enter judgment in his favor and against IDOC and Godinez for (a) injunctive relief enjoining IDOC, Godinez, and Hardy from denying Plaintiff's access to the Stateville gym, outdoor exercise areas, and Night Yard; (b) compensatory damages; (c) attorneys' fees and costs; and (d) all other relief this Court deems reasonable and just.

                                                Respectfully submitted,

                                                WILLIAM D. RILEY EL


                                      By:     /s/ Louis J. Gale          
                                                         One of His Attorneys

Kerry E. Saltzman (No. 6191194)
Louis J. Gale (No. 6286204)
WILLIAMS, BAX & SALTZMAN, P.C.
221 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
312.372.3311 (T)
312.372.5720 (F)